UNITED STATES DISTRICT COURT
NORTHERN DISTRICT
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES MELTINOS, *et al.*, | ) |
| | ) |
|        **Plaintiffs,** | ) |
| | ) |
| v. | )   Cause No. 1:16-cv-00368-WCL-SLC |
| | ) |
| RICHARD BOTTS, *et al.*, | ) |
| | ) |
|        **Defendants.** | ) |

## OPINION AND ORDER

Before the Court is motion to intervene (DE 20) filed by Frankenmuth Insurance Company ("Frankenmuth"), the insurer of Plaintiffs James Meltinos and Angela Meltinos, seeking leave of Court to intervene as a plaintiff in this personal injury action pursuant to Federal Rule of Civil Procedure 24. Plaintiffs filed a response in opposition to the motion (DE 25), and Frankenmuth timely replied (DE 26). The matter is now ripe for ruling.

For the following reasons, Frankenmuth's motion to intervene will be GRANTED.

*A. Factual and Procedural Background*

Plaintiffs filed this suit against Defendants Richard Botts; New Prime, Inc., doing business as Prime, Inc.; and American Moving and Storage Association on September 20, 2016, in Steuben Circuit Court. (DE 6). The complaint alleges that on February 14, 2015, James Meltinos was involved in a rear-end collision with a vehicle driven by a third party and that while stopped for that collision, James's vehicle was rear-ended by a semi-truck driven by Botts, causing serious injury to James. (DE 6 ¶ 1). Plaintiffs contend that Botts's negligence caused the collision that injured James. (DE 6 ¶ 2).

Defendants timely removed the case here based on diversity jurisdiction, 28 U.S.C. §

1332.¹ (DE 1). A preliminary pretrial conference is scheduled for February 23, 2017. (DE 24). Frankenmuth filed the instant motion to intervene on January 11, 2017. (AR 20).

### B. Legal Standard

Federal Rule of Civil Procedure 24 provides for both intervention as of right and permissive intervention. Under Rule 24(a), "[a] party has a right to intervene when: (1) the motion to intervene is timely filed; (2) the proposed intervenors possess an interest related to the subject matter of the action; (3) disposition of the action threatens to impair that interest; and (4) the named parties inadequately represent that interest." *Wis. Educ. Ass'n Council v. Walker*, 705 F.3d 640, 657 (7th Cir. 2013) (citing *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 773 (7th Cir. 2007)). Intervention of right will not be allowed unless all four of these requirements are met. *See Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 946 (7th Cir. 2000) (citation omitted). "The applicant bears the burden of proving that each of these elements has been satisfied." *Builders Ass'n of Greater Chi. v. City of Chi.*, 170 F.R.D. 435, 440 (N.D. Ill. 1996) (citing *Am. Nat'l Bank & Tr. Co. v. City of Chi.*, 865 F.2d 144, 146 (7th Cir. 1989)).

"Permissive intervention is allowed under Rule 24(b), once again upon timely application, when an applicant's claim or defense and the main action have a question of law or fact in common." *Sokaogon Chippewa Cmty.*, 214 F.3d at 949 (internal quotation marks omitted). A party seeking to intervene under Rule 24(b) must also establish an independent basis for subject matter jurisdiction. *Pension Benefit Guar. Corp. v. Slater Steels Corp.*, 220 F.R.D. 339, 341 (N.D. Ind. 2004) (citing *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377,

---

¹ In that Frankenmuth is a citizen of the same state as Plaintiffs, adding Frankenmuth as a plaintiff will not destroy diversity jurisdiction. (*See* DE 26-2 ¶¶ 1-5).

1381 (7th Cir. 1995)). "Permissive intervention under Rule 24(b) is wholly discretionary and will be reversed only for abuse of discretion." *Sokaogon Chippewa Cmty.*, 214 F.3d at 949 (citation omitted).

### *C. Analysis*

Frankenmuth argues that its motion to intervene meets the requirements for both intervention of right under Rule 24(a) and permissive intervention under Rule 24(b). Plaintiffs oppose the motion, asserting that Frankenmuth fails to satisfy at least two of the four required factors for intervention of right, and furthermore, that permitting intervention under Rule 24(b) would result in impermissible claim splitting. Ultimately, Frankenmuth satisfies the requirements for intervening of right under Rule 24(a).

Turning to the first factor under Rule 24(a), Frankenmuth's motion is timely. It moved to intervene within four months after Plaintiffs filed their complaint, and there is no indication that any of the parties would be prejudiced by this brief delay. *See Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995) (finding that delay of nineteen months from time suit was filed to time intervention was sought was not untimely). Rule 16(b) deadlines have not yet been set, as the preliminary pretrial conference is scheduled for February 23, 2017. *See Williams v. Am. Equip. & Fabricating, Corp.*, No. 09-1168, 2010 WL 1881998 (C.D. Ill. May 10, 2010) (finding a motion to intervene timely where it was filed prior to the deadlines to seek leave to amend the pleadings and plenty of time remained within the discovery period).

As to the second factor, Plaintiffs are seeking compensatory damages, which include medical expenses and lost wages. (DE 6 ¶ 5). Therefore, Frankenmuth has an interest in this litigation, as it paid $433,083.29 in medical expenses and indemnity (lost wages) under the

3

insurance policy to, or for the benefit of, James as a result of the damages he suffered in the accident. (DE 26-1 ¶ 13). Frankenmuth has an interest in recovering these funds. *See, e.g.*, *Logan v. Krupp*, No. 3:08-cv-869 WDS, 2010 WL 234960, at *1 (S.D. Ill. Jan. 15, 2010) (finding that the insurer's subrogation interest satisfied the second factor of Rule 24(a) where the insurer had paid its insured for the injuries sustained in the accident that was the subject matter of the suit).

With respect to the third factor, Frankenmuth's interest could potentially be impaired without intervention, as Frankenmuth's right of subrogation derives from Plaintiffs' rights. If Frankenmuth does not intervene, it would likely be precluded by *res judicata* from pursuing a separate cause of action against Defendants and from contesting Defendants' liability or the amount of damages awarded. *See generally Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1053-55 (9th Cir. 2007); *Woodring v. Culbertson*, 227 F.R.D. 290, 293 (N.D Ind. Apr. 14, 2005); *see also Geico Ins. Co. v. Graham*, 14 N.E.3d 854, 861 (Ind. Ct. App. 2014).

Plaintiffs dispute that Frankenmuth has established the third factor, arguing that Frankenmuth's interests are already adequately protected because Frankenmuth has asserted a lien on any recovery obtained by Plaintiffs from Defendants. But Indiana Code § 34-51-2-19 provides that an insurer's subrogation lien or claim "shall be diminished in the same proportion as the claimant's recovery is diminished." Accordingly, "[i]nsurers who have paid claims have long been allowed to intervene in suits by their insured against the person who caused the insured's injury." *Davila v. Arlasky*, 141 F.R.D. 68, 70 (N.D. Ill. 1991). "The justification was that the insurer would have a right of subrogation in whatever proceeds the plaintiff recovered and should be allowed to intervene to protect that interest." *Id.* (collecting cases)); *see Krueger*

4

*v. Cartwright*, 996 F.2d 928, 932 (7th Cir. 1993) ("If an insured brings suit against a tortfeasor, the insurer who is partially subrogated may intervene in the action to protect its pro rata share of the potential recovery." (citation omitted)); *Logan*, 2010 WL 234960, at *1 (allowing intervention of right by insurer to protect subrogation interest); 17 *Couch on Insurance* § 243:12 (3rd ed.) ("In general, an insurer may intervene in an action brought by the insured against the tortfeasor in order to enforce its right of subrogation.").

Finally, the Court agrees that Frankenmuth's interests are not adequately represented by Plaintiffs. The characterization of any settlement or judgment awarded to Plaintiffs could affect Frankenmuth's ability to fully recover the payments it made to Plaintiffs for medical expenses and indemnity. *See generally Krueger*, 996 F.2d at 932 ("Ms. Krueger sued James Cartwright because a portion of her losses—specifically non-economic losses relating to pain and suffering and disfigurement—were not compensable under her American States policy, which covered only economic losses."); *see Logan*, 2010 WL 234960, at *1 (finding that the insurer's subrogation interest satisfied the four requirements of Rule 24(a) because "(1) it paid its insured for injury caused in the accident that is the subject matter of the suit; (2) the ultimate disposition of the action may adversely affects its ability to recover amounts already paid; and (3) the Plaintiff does not adequately represent its interest").

In sum, Frankenmuth has carried its burden of establishing the four factors required under Rule 24(a) for intervention of right, and its motion to intervene will be GRANTED. The Court need not reach Frankenmuth's arguments for permissive intervention under Rule 24(b).[2]

---

[2] In opposition to Frankenmuth's arguments for permissive intervention, Plaintiffs, relying on *Erie Ins. Co. v. George*, 681 N.E.2d 183, 188 (Ind. 1997), assert that because their claims against Defendants remain outstanding, Frankenmuth's motion to intervene absent an explicit contract with Plaintiffs assigning their claims to Frankenmuth is an attempt to engage in impermissible claim-splitting. But *Erie Ins. Co.* dealt with "the ability of an insurer who

*D. Conclusion*

For the foregoing reasons, Frankenmuth's motion to intervene (DE 20) is GRANTED. The Clerk is DIRECTED to show Frankenmuth's Intervenor Complaint (DE 26-1) filed.

SO ORDERED.

Enter for this 3rd day of February 2017.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge

---

had reimbursed part, but not all, of the insured's claim for personal injuries against a third party *to institute its own action, apart from its insured's*, to recover its subrogated amount." 681 N.E.2d at 184 (emphasis added). Here, Frankenmuth is seeking to intervene in Plaintiffs' suit, not file a separate action against Defendants.